UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CLAUDELINE LOUIS, XXX-XX-1174,

                      Plaintiff,

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

------------------------------------------------------------ X

**REPORT & RECOMMENDATION**
24-CV-205 (NCM)(SDE)

**SETH D. EICHENHOLTZ**, United States Magistrate Judge:

Plaintiff Claudeline Lewis initiated this action seeking judicial review of the Social Security Commissioner's denial of Plaintiff's application for disability insurance benefits. After the Court remanded for further proceedings pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), the Commissioner found Plaintiff eligible for disability benefits. Currently pending before the undersigned, on referral from the Honorable Natasha C. Merle, United States District Judge, is Plaintiff's application for attorneys' fees pursuant to § 406(b) of the SSA. For the reasons set forth below, the undersigned recommends that the Court grant Plaintiff's fee application.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges she began experiencing disability beginning on or around March 1, 2017 due to various physical or mental ailments. (*See* Compl. ¶ 5.) Plaintiff filed on December 14, 2017 an application with the Social Security Administration (the "Agency") seeking a period of disability and disability insurance benefits pursuant to Title II of the SSA, as well as an application for supplemental security income pursuant to Title XVI. (*See id.* ¶ 5.) The Agency denied Plaintiff's application on May 17, 2018. (*See id.* ¶ 6.) Plaintiff sought administrative review of that decision, and following an October 25, 2019 hearing, an administrative law judge affirmed

1

the denial on November 13, 2019. (*See id.* ¶ 7.) Plaintiff then sought review by the Appeals Council. That request was denied and, and the Agency issued a final administrative decision on July 24, 2020. (*See id.* ¶ 8.)

On June 29, 2021, Plaintiff sought review of the July 2020 decision in this District. In that action, the Court reversed and remanded the case for further administrative proceedings on July 1, 2021. (*See id.* ¶ 10.) After her case was remanded, Plaintiff waived her right to an additional hearing and requested that the administrative law judge make a decision on the record. (*See id.* ¶ 11.) The administrative law judge partially denied Plaintiff's claim on October 23, 2023, finding Plaintiff's disability ended on or around October 17, 2019, and she had not become disabled again since. (*See id.*) The Appeals Council declined to review that decision. (*See id.* ¶ 12.)

The instant action began on January 10, 2024, when Plaintiff filed her Complaint seeking review of the Agency's October 2023 decision. (*See id.*) After reviewing the record, on May 17, 2024, the parties "agree[d], and jointly move[d], to remand the Commissioner's final decision for further consideration of the evidence." (Stipulation and Order for Remand, Dkt. No. 7 p.1.) On May 20, 2024, the Court endorsed the parties' stipulation and remanded the case for further administrative proceedings pursuant to § 405(g) of the SSA. (*See* Stipulation & Order for Remand, Dkt. No. 8.) The Court directed the Agency to "offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision." (*Id.* p. 1)

On remand before the Agency, a second hearing was held before an administrative law judge, who subsequently issued a decision finding Plaintiff disabled and entitled to benefits from March 2017 through December 2019. (*See* Memorandum of Law in Support of Motion for Attorneys' Fees ("Pl.'s Mem."), Dkt. No. 12-7 p. 2.) On June 29, 2025, the Agency issued a Notice

2

of Award and set forth the benefits payable to Plaintiff.  (*See* Notice of Award ("Notice"), Dkt. No. 12-5.)  In that Notice, the Administration notified Plaintiff that she was owed $63,809 in past-due benefits from August 2017 through December 2019.  (*See id.* pp. 2–3.)  The Notice also explained that the agency withheld 25% of those past due benefits, or $15,952.25, to pay a potential attorneys' fee request.  (*See id.* p. 3.)  The Agency sent the Notice of Award to the offices of Pasternack Tilker, which represented Plaintiff before the Agency but not in this proceeding.  (*See id.* p. 2.)  Plaintiff's counsel in this proceeding did not receive the Notice until December 16, 2025, when the offices of Pasternack Tilker forwarded it via email.  (*See* Pl.'s Mem. Ex. 5, Dkt. No. 12-6.)

In this action, the parties reached a mutual agreement regarding attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and filed a joint motion and stipulation to award Plaintiff's counsel $2,227 in attorneys' fees and $405 in costs pursuant to the EAJA.  (*See* Joint Motion for Attorney Fees Under the Equal Access to Justice Act, Dkt. No. 10.)  The Court so-ordered that stipulation on August 26, 2024.  (*See* Stipulation & Order Regarding Attorney Fees, Dkt. No. 11.)  On December 30, 2025, Plaintiff filed the instant motion requesting that the Court award $5,317.42 in fees and instruct the Commissioner to disperse that amount to Plaintiff's counsel.  (*See* Pl.'s Mem. p. 6.)  The government notes "the Commissioner has no direct financial stake in the outcome of this motion" and therefore "neither supports nor opposes counsel's request."  (Response to Motion for Attorney Fees, Dkt. No. 14 p. 1.)

## LEGAL STANDARD

Section 406(b) of the SSA allows a court to award a "reasonable" contingent fee to counsel representing a successful claimant in a federal action.  But that fee may not exceed 25% of the total past-due benefits owed to the claimant.  *See* 42 U.S.C. § 406(b)(1)(A).  The fee is paid out

of, not in addition to, the past-due benefits. *See id.* "[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Plaintiff's counsel must file an application for attorneys' fees within the 14-day time limit set forth in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019).

A court's determination of whether fees requested under § 406(b) are reasonable should "begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Rubalskaya v. Comm'r of Soc. Sec.*, 23-CV-4625, 2025 WL 2074177, at *1 (E.D.N.Y. July 23, 2025) (quoting *Long v. Comm'r of Soc. Sec.*, 18-CV-1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020). Courts in this Circuit consider the following factors when assess the reasonableness of a fee award that falls within the 25%: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case. *See Fields v. Kijakazi*, 24 F.4th 845, 853–55 (2d Cir. 2022).

Finally, it is well established that counsel cannot recover fees under both the SSA and the EAJA. *See Wells v. Bowen*, 855 F.2d 37, 41–42 (2d Cir. 1988) ("[D]ual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client.").

## DISCUSSION

The undersigned begins by evaluating whether Plaintiff's counsel's application was timely and then analyzes the reasonableness of the requested fee award according to the relevant factors. The undersigned concludes by considering whether the award requested pursuant to § 406(b) of the SSA should be reduced considering the EAJA fee already awarded.

### I.      Timeliness

While the 14-day period in Rule 54(d)(2)(B) provides the applicable limitations period for filing § 406(b) motions, to avoid imposing "'a deadline that cannot be met[,]'" the Second Circuit recognizes that the doctrine of equitable tolling extends the time to file a motion until 14 days after the claimant is notified of the amount of any benefits award. *Sinkler*, 932 F.3d at 87–88 (quoting *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010)).

Plaintiff asserts her motion is timely because, although she did not file it until six months after the Agency issued its Notice of Award, she only received that Notice on December 16, 2025, when counsel representing her in the instant proceeding received it from the offices of counsel who represented Plaintiff before the Agency. (*See* Pl.'s Mem. p. 3.) She encourages the Court to apply equitable tolling and "[r]ead[] *Sinkler* to hold that the 14-day filing period starts to run from the date that counsel receives notice of the benefits[.]" (*Id.* pp. 3–4.) (citing *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019).)

On the record before the Court, the undersigned finds Plaintiff's motion was timely. First, the Second Circuit expressly contemplated that the 14-day period could begin from when counsel receives notice of the benefits. *See Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing."). And there is no evidence Plaintiff or counsel were notified of or made aware of the award before counsel received the Notice from Pasternack Tilker on December 16, 2025. Applying these equitable tolling principles, the undersigned finds Plaintiff's motion was timely.

## II.    Reasonableness

In analyzing the reasonableness of the fee application, the undersigned proceeds by analyzing whether the requested fee award falls within the 25% cap, whether the requested fee is contemplated in Plaintiff's fee agreement, and finally whether the fee is reasonable pursuant to the relevant factors.

First, the undersigned finds Counsel's requested fee award counsel of $5,317.42 falls below the 25% cap of Plaintiff's total withheld benefits ($63,809 × 0.25 = $15,952.25).  Next the undersigned looks to the language of the fee agreement between Plaintiff and counsel.  That agreement provides that the attorney's fee for representation in this matter will be the greater of (i) 25% of any past-due benefits pursuant to § 406(b), or (ii) such amount as may be obtained pursuant to the EAJA an initial matter.  (*See* Pl.'s Mem. p. 4; *see also id.* Ex. 1, Attorney Fee Agreement, Dkt. No. 12-2.)  Plaintiff received $2,227 pursuant to the EAJA, which is less than the amount that could be sought pursuant to § 406 of the SSA.  Thus, the undersigned finds the agreement contemplates the award requested here.

The undersigned now considers the relevant reasonableness factors.  First, the Court finds no suggestion in the record that Plaintiff's counsel engaged in fraud, overreaching, was ineffective, or was responsible for any unreasonable delays.  The agreement signed by Plaintiff plainly states she agrees to pay counsel as much as 25% of any past-due benefits.  (*See id.*); *see also Gervais v. Astrue*, 06-CV-3735, 2008 WL 5169578, at *1 (E.D.N.Y. Dec. 10, 2008) (finding no fraud or overreaching when, *inter alia*, "nothing in the record suggest[ed] that counsel's representation was in any way substandard" and the retainer agreement was "unambiguous").

6

The undersigned also finds the fee award does not constitute a windfall to Plaintiff's counsel.  In evaluating whether an award constitutes a windfall, the Second Circuit instructs courts to consider the following factors:

> (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Fields*, 24 F.4th at 854–55.

Here, the favorable result obtained by counsel in securing remand and a decision from the Agency that obtained over $60,000 for Plaintiff weighs against finding a windfall.  *See, e.g.*, *Borus v. Astrue*, 09-CV-4723, 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012) (finding success at securing reversal of administrative law judge's decision is factor to consider in determining appropriate attorneys' fees); *Rubalskaya*, 2025 WL 2074177, at *2 (finding no windfall when counsel achieved successful outcome that "was by no means 'certain'") (quoting *Fields*, 24 F.4th at 855).

According to the contemporaneous time records submitted with their motion, counsel spent 7.9 hours working on Plaintiff's case.  (*See* Pl.'s Mem. Ex. 2, Dkt. No. 12-3 pp. 2–3.)  That work included reviewing the administrative transcript, drafting the complaint and other motions, settlement letters, and corresponding with Plaintiff.  (*See id.*)  Dividing the requested $5,317.42 fee amount by the number of hours worked yields an effective hourly rate of $673.10.  (*See* Pl.'s Mem. p. 5.)  The Court agrees with Plaintiff that this that rate falls below "the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit."  *See, e.g.*, *Rubalskaya*, 2025 WL 2074177, at *2 (approving de facto hourly rate of $979.70); *Milman v.*

*O'Malley*, 24-CV-3780, 2025 WL 2432094, at \*3 (E.D.N.Y. Aug. 23, 2025) (approving de facto hourly rate of $1,163.55); *Gentile v. Kijakazi*, 21-CV-641, 2023 WL 6392905, at \*2 (E.D.N.Y. May 3, 2023) (approving hourly rate of $1,750).

The undersigned notes that counsel spent fewer than ten hours on this case, and some courts have reduced high hourly rates where, as here, counsel did not have to engage in significant amounts of substantive work or merits-based motion practice. *See, e.g.*, *Devenish v. Astrue*, 85 F. Supp. 3d 634, 639 (E.D.N.Y. 2015) (rejecting $1,000 hourly rate where only substantive work done was drafting complaint). Here, because the effective hourly rate is relatively low, the undersigned does not find it necessary to do so. *See, e.g.*, *Morrison v. Saul*, 16-CV-4168, 2019 WL 6915954, at \*3 (S.D.N.Y. Dec. 19, 2019) (approving $935.52 hourly rate where counsel filed non-boilerplate motion for judgment on the pleadings).

Finally, there is no evidence that Plaintiff is unsatisfied with counsel's services or objects to the award. *See Foster v. Comm'r of Soc. Sec.*, 19-CV-1743, 2023 WL 7924172, at \*4 (E.D.N.Y. Nov. 16, 2023) (noting no justification for a downward adjustment where counsel achieved desired result and there was no evidence to suggest claimant dissatisfaction). Considering these factors, the undersigned finds awarding the $5,317.42 fee would not result in a windfall to counsel. Based on the relevant considerations, the undersigned concludes an award of $5,317.42 constitutes reasonable compensation to Plaintiff's counsel for its representation of Plaintiff in this case, and counsel is entitled to the requested fee amount.

## III.  Dual Recovery

While dual recovery is not permitted under both § 406(b) of the SSA and the EAJA, a court may award attorney's fees under both statutes so long as counsel refunds to the claimant the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796; *see also Wells v. Bowen*, 855 F.2d 37,

8

48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

Here, Plaintiff's counsel already received $2,227 pursuant to the EAJA. (*See* Joint Motion for Attorney Fees Under the Equal Access to Justice Act, Dkt. No. 10.) Plaintiff's counsel affirms that they will return to Plaintiff the lesser of any §406(b) award and the fee awarded pursuant to EAJA. (*See* Pl.'s Mem. p. 4 n.1.) Accordingly, upon receipt of the $5,317.42 award requested here pursuant to § 406(b) of the SSA, the undersigned recommends that the Court direct Plaintiff's counsel to return $2,227 to Plaintiff. *See, e.g.*, *Williams v. Kijakazi*, 797 F. Supp. 3d 164, 175 (E.D.N.Y. Aug. 28, 2025).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Court grant Plaintiff's motion or attorneys' fees pursuant to § 406(b) of the SSA in the amount of $5,317.42. The Court further recommends that the Court direct Plaintiff's counsel, upon receiving the $5,317.42 award from the Agency, to promptly refund to Plaintiff the $$2,227 fee amount counsel already received pursuant to the EAJA.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed within 14 days of service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time to file objections must be directed to Judge Merle. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also Wagner & Wagner, LLP v. Atkinson,*

9

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party [forfeits] appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."); *Thomas v. Arn*, 474 U.S. 140 (1985) (finding Federal Magistrates Act does not forbid court of appeals from adopting rule conditioning appeal from district court's judgment that adopts magistrate judge's recommendation upon filing of objections to magistrate judge's report identifying those issues on which further review is desired).

        **SO ORDERED.**

Dated:  Brooklyn, New York
        July 9, 2026

        /S/  *SETH D. EICHENHOLTZ*
        SETH D. EICHENHOLTZ
        United States Magistrate Judge
        Eastern District of New York